United States District Court
Eastern District of Michigan

**Cynthia Lewis,**

    Plaintiff,

v.

**Hurley Health Services; City of Flint, Board of Hospital Managers d/b/a Hurley Medical Center and HMC; United States of America,** Jointly and Severally,

    Defendants.

Civil No. 20-11953

Hon. Terrence G. Berg
Mag. Judge David R. Grand

# Reply in Support of Defendant United States' Motion to Dismiss

In her response to Defendant's motion to dismiss, Plaintiff does not dispute that she failed to submit an administrative claim before filing her medical malpractice suit. She also does not contest that, as a result, the Federal Tort Claims Act ("FTCA") forecloses her claim against Hamilton Community Health Network, Inc. ("HCHN"), the federally-funded health center where she received medical care. Plaintiff instead argues that the FTCA does not apply to her claim against Dr. Keith Daniels, the doctor who performed her surgery. But as an employee of HCHN at the time of the events giving rise to Plaintiff's suit, Dr. Daniels is eligible for FTCA coverage under the plain language of 42 U.S.C. § 233(g). Plaintiff's failure to present an administrative claim therefore deprives this Court of subject matter jurisdiction over the United States as to both HCHN and Dr. Daniels and, in any event, bars her suit under the FTCA's statute of limitations.

### I. As The Employee Of A Federally-Funded Health Clinic, Dr. Daniels Is Covered Under The FTCA.

Plaintiff argues that she "was not required to comply with the FTCA in suing Dr. Daniels" because "physicians are considered independent contractors under the FTCA." (ECF No. 9, PageID.114–15.) This assertion is wrong.

Although the FTCA generally applies only to employees of the federal government and excludes "any contractor with the United States," *see* 28 U.S.C. § 2671, in 1993 Congress extended FTCA protection to qualifying federally-supported health centers and their "officer[s]," "governing board member[s],"

"employee[s]," and certain "contractor[s]" under the Federally Supported Health Centers Assistance Act, *see* 42 U.S.C. § 233(g). The purpose of this legislation was to "eliminate the expense borne by federally funded health centers for medical malpractice insurance, enabling the clinics to funnel more federal dollars into patient care." *Cruz v. United States*, 70 F. Supp. 2d 1290, 1292 (S.D. Fla. 1998).

Thus, any "employee" of an eligible health center is deemed an employee of the U.S. Public Health Service for purposes of medical malpractice claims. 42 U.S.C. § 233(g)(1)(A). A claim against the United States under the FTCA is the exclusive remedy for any alleged acts or omissions taken within the scope of their employment. 42 U.S.C. § 233(a), (g). A certification by the Attorney General is *prima facie* evidence that the defendant acted within the scope of employment, and it is the plaintiff's burden to rebut it. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1143 (6th Cir. 1996).

Here, the United States has submitted a declaration from the U.S. Department of Health and Human Services confirming that Dr. Daniels was an employee of HCHN at the time of the incidents giving rise to this suit. (ECF No. 1-2, PageID.32.) Plaintiff does not dispute that Dr. Daniels was employed by HCHN, nor does she offer any evidence to the contrary. And the Attorney General, through his designee, has certified that Dr. Daniels is deemed an employee of the U.S. Public Health Service within the meaning of 42 U.S.C. § 233(c) and (g), and was

2

acting within the scope of his employment at all times alleged in Plaintiff's complaint. (ECF No. 1-3, PageID.43–44.) Accordingly, Plaintiff's argument that Dr. Daniels was an independent contractor who is not covered by the FTCA contradicts both the undisputed facts and the plain language of § 233(g).

The cases Plaintiff cites in support of her argument are irrelevant. In *United States v. Orleans*, 425 U.S. 807, 818 (1976), the Supreme Court concluded that employees of a local community action agency were not federal employees under the separate statutory provision of 28 U.S.C. § 2671 because the federal government did not have the power to supervise the agency's daily operations. Similarly, in *Logue v. United States*, 412 U.S. 521, 530 (1973), the Supreme Court held that the employees of a county jail that contracted to house federal prisoners were not federal employees under § 2671 because the United States had no authority to supervise the jail's daily operations. Neither of these cases have any bearing here—where Congress expressly provided in § 233(g) that employees of federally-funded health clinics, like Dr. Daniels, are covered by the FTCA.

The other cases Plaintiff cites are equally unavailing. In those cases, courts held that the FTCA did not apply to physicians employed by a private entity that contracted with a federally-funded clinic. *See C.H. by & through Shields v. United States*, No. 1:19-CV-00017-GNS, 2019 WL 5225464, at *3 (W.D. Ky. Oct. 16, 2019), *aff'd*, 818 F. App'x 481 (6th Cir. 2020) (noting that "the contract here is

3

between Fairview—i.e., the public health entity—and Finney, Lindsey, and Dr. Trevor's actual *employer* . . . not between Fairview and the individual medical professionals"); *Tyson v. United States*, No. 1:19-CV-00058-GNS, 2020 WL 376660, at *7 (W.D. Ky. Jan. 23, 2020) (noting that doctors "were employees of a private organization . . . under contract to provide medical services for" the federal clinic); *see also Cruz*, 70 F. Supp. 2d at 1295 (holding that FTCA does not apply to physicians affiliated with separate professional association that contracts with federally-funded clinic). As employees of the federally-funded clinic's *contractor*, the physicians were at least two steps removed from the clinic and thus did not qualify as its "employee[s]" or "contractor[s]" under § 233(g).

Here, in contrast, Dr. Daniels was an employee of the clinic itself—not a separate entity that contracted with it. In a similar case, another district court within the Sixth Circuit made clear that the doctors the plaintiffs sued were "federal employees in light of their employment status" with a federally-funded clinic and dismissed the complaint for failure to comply with the FTCA's administrative exhaustion requirement. *Wilson v. Big Sandy Healthcare, Inc.*, 553 F. Supp. 2d 825, 831 (E.D. Ky. 2008), *aff'd*, 576 F.3d 329 (6th Cir. 2009). "Importantly," the court observed, "the doctors were not contractors of a separate professional association, but employees" of the clinic. *Id.*

For these reasons, it is not particularly "notabl[e]" that the cases the United

States cites in support of its motion to dismiss "do not address the issue of whether the physician was an independent contractor." (ECF No. 9, PageID.122.) The physicians in all of the cases cited by the United States—unlike any of the cases Plaintiff points to—were actually employed by the federally-funded clinic. Like Dr. Daniels, they fell squarely within the protections and procedural requirements of the FTCA.[1]

Put simply, the FTCA applies to Dr. Daniels because he was an employee of HCHN acting within the scope of his employment at all relevant times. Any issues regarding the amount of control the government exercised over him, the fact that Plaintiff's surgery was performed at Hurley Medical Center and not HCHN, or that Plaintiff's medical bills were paid by her private insurance carrier—even if true—are irrelevant for purposes of determining FTCA coverage under § 233(g). Plaintiff's claim that she "has not had an opportunity to conduct discovery on the issue of whether the government had control of Dr. Daniels" is thus a red herring. (ECF No. 9, PageID.111.) A party is "not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Skidmore v. Access Grp., Inc.*, 149 F. Supp.

---

[1] Indeed, Plaintiff's emphasis on Dr. Daniels' status as an independent contractor is even more misplaced given that a "contractor" of a federally-funded clinic "who is a physician or other licensed or certified health care practitioner" can still be covered under the FTCA in certain circumstances. *See* 42 U.S.C. § 233(g)(1)(A).

5

3d 807, 810 (E.D. Mich. 2015).

Because the FTCA applies to Dr. Daniels, Plaintiff's admitted failure to exhaust her administrative remedies deprives this Court of subject matter jurisdiction. *See* 28 U.S.C. § 2675(a); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993).

## II. Plaintiff's Claim Against The United States Is Time-Barred Because She Did Not Submit A Timely Administrative Claim.

Plaintiff also argues that her claim against the United States is timely because her state court complaint was timely under Michigan law. But this argument ignores the FTCA's statute of limitations, which provides that any claim against the United States is "forever barred" if it is not presented to the appropriate federal agency "within two years after such claim accrues." 28 U.S.C. § 2401(b). Plaintiff concedes that her claim accrued on September 23, 2017. (ECF No. 9, PageID.23.) As a result, she had until September 23, 2019, to present her administrative claim, but she failed to do so.

Plaintiff's reliance on the timeliness of her state court complaint is similarly unhelpful under 28 U.S.C. § 2679(d)(5). That provision permits tolling of the FTCA's limitations period only where, among other things, an administrative claim "would have been timely had it been filed on the date the underlying civil action was commenced." 28 U.S.C. § 2679(d)(5). Even if Plaintiff had submitted an administrative claim on March 13, 2020—the date she filed her state court

6

complaint—it still would have been past the FTCA's September 23, 2019, deadline. Because Plaintiff has not identified or established any grounds for tolling, her claim against the United States is time-barred and should be dismissed.

## Conclusion

For these reasons, the Court should dismiss Plaintiff's claim against the United States.

Respectfully Submitted,

**Matthew Schneider**
United States Attorney

*/s/ Brittany D. Parling*
**Brittany D. Parling** (P78870)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 600-8915
Dated: September 21, 2020          Brittany.Parling@usdoj.gov

**Certification of Service**

I hereby certify that on September 21, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following counsel of record:

Emily Peacock
Olsman, Mackenzie, Peacock & Wallace, PC
2684 West Eleven Mile Road
Berkley, MI 48072
epeacock@olsmanlaw.com

*Attorney for Plaintiff*

William A. Tanoury
Tanoury, Nauts, McKinney & Garbarino, PLLC
38777 Six Mile Road, Suite 101
Livonia, MI 48152
william.tanoury@tnmglaw.com

*Attorney for Defendant City of Flint, Board of Hospital Managers d/b/a Hurley Medical Center and HMC*

 */s/ Brittany D. Parling*
**Brittany D. Parling** (P78870)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 600-8915
Brittany.Parling@usdoj.gov